JUDGE COTE

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
212 571 0805 (phone)
*Attorneys for Plaintiff*

13 CV 2422

RECEIVED
APR 11 2013
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MOHAMED TOURE,

                Plaintiff,

     -against-

THE CITY OF NEW YORK,
JOHN and JANE DOES 1-10, et al.,

                Defendants.
-----------------------------------------------------------x

COMPLAINT

Jury Demand

       Plaintiff MOHAMED TOURE (hereinafter "Plaintiff") by and through his attorneys, Robert Blossner, Esq. and Vik Pawar, Esq., respectfully alleges as follows:

### PRELIMINARY STATEMENT

       1.     Plaintiff brings this action for injunctive relief, compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1981, 1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the United States.

### JURISDICTION

       2.     The action is brought pursuant to 42 U.S.C. §1981, 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## FACTS

6. Plaintiff is a 34 year old immigrant from the war-torn region of West Africa and is a resident of the County, City and the State of New York.

7. Defendants are officers of the NYPD and at all times mentioned herein were acting under the color of state law and in their individual, official and supervisory capacities.

8. Plaintiff is employed as an itinerant and makes a living assisting vendors on Canal Street, New York, New York.

9. Plaintiff is not a vendor and has never worked as a vendor.

10. Despite the foregoing, plaintiff has been subject to harassment, ridicule, threats of deportation, false arrests and malicious prosecution on four separate occasions by members of NYPD from the 1st precinct.

### Incident 1

11. On September 26, 2010, at approximately 12 pm, plaintiff was lawfully sitting on Canal street with his 5 year old son on his lap, when he was approached by defendant John Doe 1, a white, male NYPD police officer, who asked to see plaintiff's identification.

12. Plaintiff had committed no crime and the police officer had no reason to question him. Nevertheless, plaintiff produced his identification to the Defendant John Doe 1.

13. Defendant John Doe 1 said that "My Boss wants me to arrest you" at which time defendant John Doe 1 took plaintiff into custody and falsely accused plaintiff of selling goods on Canal Street without a vendor's license.

14. Plaintiff informed defendant John Doe 1 that he does not sell anything and he does not have a vendor's license.

15. Despite plaintiff's protests, defendant John Doe 1 proceeded to arrest plaintiff. At that time, plaintiff's five (5) year old son started crying hysterically. Plaintiff advised the defendant that no one was there to look after his son if he was taken to the precinct. Defendant told him " Do not worry he will be fine by himself."

16. When plaintiff protested further, defendant John Doe 1 ignored plaintiff's pleas and mocked him saying, "well, at least you're not getting deported."

17. Plaintiff was taken to the 1st precinct and falsely charged with violating 2 administrative codes. Plaintiff was finally released around 9 p.m. Defendant John Doe Supervisor ratified this arrest without checking into its veracity.

18. Plaintiff was held in custody for approximately nine (9) hours and was worried about his son because the defendants had made no provision for the infant's care.

### Incident 2

19. On November 14, 2010, around 1 p.m., plaintiff was once again approached by Defendant John Doe 1 and again questioned why he was eating chicken and drinking soda from Popeyes.

20. Once again, plaintiff told him that he was not a licensed vendor and was not selling any items. The same police officer, defendant John Doe 1 told him "My Boss told me to go arrest you " and then added "Now, I am going to make sure, you get deported."

21. Plaintiff was once again arrested and brought to the 1st precinct. However, on this second occasion in what appears to be an effort to mask or hide his misdeeds, defendant John Doe 1 assigned the arrest to Defendant Jane Roe, even though this female defendant had not been at the scene and of course had not witnessed any wrongdoing by plaintiff. This was done either to hide misdeed of John Doe 1 or to allow Jane Roe 1 to generate arrests, quotas and thus payment for overtime hours. Defendant John Doe Supervisor ratified this arrest without checking into its veracity.

22.     Defendant John Doe 1 then told plaintiff that "[Defendant John Doe 1] is now done for the day and he is going to go watch some football." Once again, plaintiff was held for approximately 9 hours and had to make more than ten (10) court appearances before the charges against him were dismissed months later on July 29, 2011.

### Incident 3

23.     About a month after the second false arrest, plaintiff was once again arrested under similar circumstances.

24.     Plaintiff was talking on the phone when defendant John Doe 2, a white, male police officer came up to plaintiff, grabbed his cellphone and ended the conversation.

25.     When plaintiff inquired why defendant John Doe 2 did that, he was told that he was engaged in illegal activities. However, he failed to inform plaintiff the nature of these "illegal activities."

26.     Defendant John Doe 2 then handcuffed plaintiff around 3 p.m. and brought him to the same precinct, where he was once again issued tickets on false charges and released 7 hours later.

27.     All charges against plaintiff were dismissed on March 20, 2013, after more than eleven (11) court appearances.

### Incident 4

28. On September 11, 2012, plaintiff was once again arrested based on similar false charges.

29. Plaintiff was brought to the precinct at 12 p.m. and held for six hours before he was given a new court date.

30. Frustrated by the pattern of abuse and unlawful arrests, plaintiff decided to take his case to trial.

31. Plaintiff was acquitted on March 4, 2013.

32. These incidents are not isolated but a pattern by the local precinct designed to generate "numbers" and overtime for the police officers at the expense of the civil rights on innocent individuals.

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrests-Fourth Amendment)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. There was no probable cause for the arrest or the continued incarceration of Plaintiff, and as such the Defendants' acts resulted in violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

35. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure was violated and she sustained physical, economic and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

36.     The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.  The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

37.     As a result of the foregoing, Plaintiff was deprived of her liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(*Monell*/Municipal Liability)

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     Defendants, collectively and individually, while acting under color of state law, engaged in foregoing conduct so as to amount to a custom, practice, and procedure which is forbidden by the Constitution of the United States.

40.     The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting innocent individuals without any probable cause simply to generate overtime or make

believe that the NYPD is doing something about crime while inflating the arrests statistics.

41. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

42. In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same.

43. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Section 1981)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants targeted Plaintiff and discriminated against him by falsely accusing him of crimes because of his race and color and caused him deprivation of him constitutional rights. Defendants nevertheless then arrested him on at least four (4) occasions based solely on his race and color.

46. As a result of these actions, Plaintiff suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of First Amendment Rights)

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "46" with the same force and effect as if fully set forth herein.

47.     Plaintiff has a constitutional rights under the First Amendment to travel and be free from unwarranted government intrusion.

48.     However, defendants violated plaintiff's first amendment rights by arresting him for simply being black and simply because he was nearby the vendors who were selling items.

49.     Plaintiff's right to be free and exercise his rights under the First Amendment were violated.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability)

50.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Plaintiff's injuries herein were caused by the deliberate indifference of the defendant supervisors, who ratified wrongful arrests, without any oversight and rubber-stamped any arrests that came through.

52.     The deliberate indifference by the supervisor encouraged defendant subordinate police officers to continue to engage in unlawful conduct at the expense of the civil rights of innocent individuals.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Malicious Abuse of Process)

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants acted with malice when they arrested plaintiff for no reason and without any probable cause.

55.     Defendants abused the criminal process to violate the plaintiff's civil rights knowing full well that she would have to endure the stigma of her arrest even after the arrest was voided.

56.     As a result of defendants' actions, plaintiff suffered injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount of Five Hundred Thousand Dollars for each and every cause of action for Plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
~~March 7, 2013~~
APRIL 8, 2013

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By:_____
Robert Blossner (RB0526)
*Attorneys for Plaintiff*